IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA

V.                                                    CASE NO. 7:19-CR-11

BRYAN WADE LEWIS

MOTION TO CONTINUE TRIAL

(1)  This case is set for trial on April 1, 2019, through April 2, 2019.  This case was scheduled to comply with speedy trial requirements.  However, undersigned counsel has preexisting scheduling conflicts.  Moreover, in this case the time required by the Speedy Trial Act is insufficient, and the failure to grant a continuance in this case, taken as a whole, would unreasonably deny the Defendant the reasonable time necessary for effective preparation, taking into account due diligence.  The Assistant United States Attorney in charge of the case Randy Ramseyer, has indicated that he does not object to a continuance of the trial.

(2)  The Speedy Trial Act generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance.  18 U.S.C. § 3161(c)(1).  This requirement protects the interests of the defendant and the public in a speedy trial.  Zedner v. United States, 126 S.Ct. 1976 (2006); United States v. Henry, 538 F.3rd 300, 303 (4th Cir. 2008).  "To allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by granting...[a] continuance outweigh the best interests of the public and the defendant in a speedy trial.'"  Henry, 538 F.3rd at 303; 18 U.S.C. § 3161(h)(7)(A). Significantly, the Act's "primary procedural limit requires the district court to 'set [ ] forth, either

orally or in writing, its reasons for finding' that a continuance is warranted under the provision." Henry, 538 F.3rd at 303.

(3)  Section 3161(h)(7)(B) of the Act provides factors to be considered by the Court in determining whether to grant a continuance.  These factors include whether the failure to grant a continuance would deny the defendant continuity of counsel or the reasonable time necessary for effective preparation, taking into account due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  These factors must be weighed by the Court in deciding whether the ends of justice served by the granting of a continuance outweigh the best interests of the defendant and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A), Zedner v. United States, 126 S.Ct. 1976 (2006).

(4)  Defendant submits that for the reasons outlined in paragraph one, the ends of justice served by the granting of a continuance outweigh the best interests of the public and the Defendant in a speedy trial.

(5)  Defendant waives speedy trial.

Accordingly, the Defendant respectfully moves the Court to continue his trial.  The parties have conferred with the Court and the mutually convenient date is June 10, 2019 through June 11, 2019.

Respectfully submitted,
BRYAN WADE LEWIS

By: _s/Anthony F. Anderson_
Counsel

Anthony F. Anderson, VSB #21345
Anderson & Friedman
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
(540) 982-1539
afa@afalaw.com
Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that this 13th day of February, 2019, I electronically filed the foregoing Motion to Continue Trial with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record including the following:

Randy Ramseyer, Esq
United States Attorney's Office-
Abingdon
180 W. Main Street, Suite B19
Abingdon, Virginia 24210
276-628-4161
randy.ramseyer@usdoj.gov

            s/Anthony F. Anderson
            Counsel