IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No. 7:19-CR-00011 |
| | ) |
| BRYAN WADE LEWIS, | ) |
| Defendant. | ) |

<u>MOTION TO CONTINUE JURY TRIAL</u>

(1) This case is set for trial on June 10 and 11, 2019. However, counsel and Defendant need additional time to prepare for trial. Due to illness and other absences, counsel's firm has been short the assistance necessary to effectively prepare for trial. Therefore, the failure to grant a continuance in this case, taken as a whole, would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account due diligence.

(2) The Speedy Trial Act generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. Section 3161(c)(1). This requirement protects the interests of the defendant and the public in a speedy trial. <u>Zedner v. United States</u>, 126 S.Ct. 1976 (2006); <u>United States v. Henry</u>, 538 F.3rd 300, 303 (4th Cir. 2008). "To allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by granting of … [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." <u>Henry</u>, 538 F.3rd at 303; 18 U.S.C. § 3161(h)(7)(A). Significantly, the Act's "primary procedural limit requires the district

1

Case 7:19-cr-00011-MFU   Document 30   Filed 05/13/19   Page 1 of 3   Pageid#: 50

court to 'set [] forth, either orally or in writing, its reasons for finding' that a continuance is warranted under the provision." Henry, 538 F.3d at 303.

(3) Section 3161(h)(7)(B) of the Act provides factors to be considered by the Court in determining whether to grant a continuance. These factors include whether the failure to grant a continuance would deny the Defendant continuity of counsel or the reasonable time necessary for effective preparation, taking into account due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). These factors must be weighed by the Court in deciding whether the ends of justice served by the granting of a continuance outweigh the best interests of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) Zedner v. United States, 126 S.Ct. 1976 (2006).

(4) Defendant submits that for the reasons outlined in paragraph one, the ends of justice served by the granting of a continuance outweigh the best interests of the public and the Defendant in a speedy trial.

(5) Defendant waives speedy trial.

(6) The United States does not object.

Accordingly, the Defendant respectfully moves the Court to continue his trial. Defense counsel has conferred with the Court and the other parties and determined that at a possible new date for the trial of this matter is September 25 and 26, 2019.

Respectfully Submitted,
Bryan Wade Lewis

By: S/Anthony F. Anderson
   Counsel

2

Anthony F. Anderson, Esq.
Melissa W. Friedman, Esq.
ANDERSON & FRIEDMAN
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
afalaw@afalaw.com
 Counsel for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that this 13th day of May 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all counsel of record.

                                  s/ Anthony F. Anderson
                                  Anderson & Friedman
                                  1102 Second Street, S. W.
                                  P. O. Box 1525
                                  Roanoke, Virginia 24007
                                  (540) 982-1525
                                  (540) 982-1539 (Fax)
                                  afa@afalaw.com