# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:19CR0001 |
| v. ) | |
| ) | |
| BRIAN WADE LEWIS ) | By: Hon. Michael F. Urbanski |
| ) | Chief United States District Judge |

## ORDER

The trial of this case is scheduled for one day, beginning September 16, 2019. In order to administer the trial in a manner that is fair, just, and efficient, it is **ORDERED** as follows:

1. The jury will consist of twelve (12) persons. The attorneys are permitted to conduct voir dire after preliminary questions from the court. The court's voir dire will solicit any requests from jurors to be excused from jury duty on the ground of hardship, and the court will determine such requests before turning voir dire over to the attorneys. Attorneys' voir dire is expected to be limited to relevant questions and not consist of disguised argument on the merits of the case. Following voir dire, any party having any challenge for cause should make known to the court that a matter outside of the presence of the jury is to be taken up, in which case the challenges will be determined by the court. Thereafter, the parties will take alternate written strikes on a single jury list. After the jury is sworn, preliminary instructions are given by the court. Jurors are told that they will be permitted to take notes. Questions by jurors are not permitted.

2. Trial will proceed according to the following schedule. Court will begin promptly at 9:30 a.m. The court will take a 15-minute morning recess at 11:00 a.m., a one-hour lunch break at 1:00 p.m., and a 15-minute afternoon recess at 3:15 p.m. Court will adjourn at 5:00 p.m.

3. Opening statements must summarize objectively the key facts, without argument. In most cases, an opening statement should not exceed ten or fifteen minutes. If there may be a dispute as to admissibility of any evidence or exhibit, counsel must omit it from the opening statement or advise opposing counsel of the intent to refer to such evidence or exhibit, so that opposing counsel may seek a ruling from the court.

4. The Jury Evidence Recording System (JERS) will be used in the trial of this case. Counsel must submit electronic exhibit files on a USB drive, DVD or CD, one week prior to trial for upload into JERS. It will be assumed that all exhibits have been previously disclosed and that there is no objection to an exhibit unless promptly made. The use of the evidence display device is required, so that witnesses need not be handed exhibits, provided that no evidence is to be displayed to the jury until it has been admitted if there is any question as to its admissibility. Questions to witnesses and argument to the court must be made from the lectern. Counsel may approach the witness without leave of court if necessary to hand the witness a document or exhibit, but must promptly return to the lectern.

5. Requests for exclusion of witnesses from the courtroom should be made before opening statements. Although the exclusion does not prevent counsel from talking with excluded witnesses during recesses about their expected testimony, there must be no disclosure of courtroom testimony given to the excluded witnesses by any person. Witnesses should be released from further attendance as soon as they are no longer needed. After testifying, a witness is deemed released unless counsel or the court promptly indicates that the witness is not so excused. Cooperative witnesses not immediately needed may be placed "on call" but counsel remains responsible for having sufficiently available witnesses so that the trial may proceed without early adjournments or lengthy recesses. The prosecution should keep defense counsel

2

advised of the progress of the government's case so that the defense may be ready to proceed promptly following the conclusion of the government's case-in-chief. Exhibits are in the custody of the courtroom deputy clerk and must be returned to the clerk once examination of a witness is completed.

6. All objections and other remarks to the court must be made while standing. Objections must be succinct. If argument is needed, the court will so indicate. Side bar or bench conferences are discouraged and argument outside of the presence of the jury will normally take place only during regular recesses or before or after court session. Accordingly, counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the court ahead of time.

7. Closing arguments are normally limited to 30 minutes for each side, with an additional 10 minutes reserved for any necessary rebuttal, unless unusual circumstances exhibit and leave of court has been obtained. Prior to closing argument the court will conduct a charge conference and advise counsel of the substance of the jury charge. The charge is given after closing argument and before the jury begins deliberations. Counsel will be given an opportunity to make an objection to the charge on the record. The court will send with the jury a written copy of his charge for the jury's reference during deliberations. The jury will be instructed that during deliberations it may request any or all of the exhibits. During jury deliberations, counsel will be expected to remain in the courthouse. Following the trial, counsel may not discuss the case with jurors without leave of court.

It is **SO ORDERED**.    Entered: September 4, 2019

*Michael F. Urbanski*
Michael F. Urbanski
Chief United States District Judge